**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STANLEY BENNETT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LJM FUNDS MANAGEMENT, LTD., TWO ROADS SHARED TRUST, NORTHERN LIGHTS DISTRIBUTORS, LLC, ANDREW ROGERS, MARK GERTSEN, MARK GARBIN, NEIL KAUFMAN, ANITA KRUG, JAMES COLANTINO, ANISH PARVATANENI, and ANTHONY CAINE, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Stanley Bennett ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and his own acts, and information and Defendant as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding LJM Funds Management, Ltd. ("LJM Partners" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired shares of the LJM Preservation and Growth Fund ("LJMIX" or the "Fund") between February 28, 2015 and February 7, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under the Securities Act of 1933 (the "Securities Act").

2. LJM Funds Management, Ltd. operates as an investment management firm. The Company specializes in volatility strategies aims to deliver low correlation to equity markets. LJM Funds Management conducts its business in the United States.

3. LJM Preservation & Growth Fund is an open-end fund incorporated in the United States. The Fund's objective is capital appreciation. The Fund invests primarily in long and short call and put options on Standard & Poor's 500 Index futures contracts and cash and cash equivalents, including high-quality short-term debt securities such as U.S. Treasury securities.

4. LJM Partners is headquartered in Chicago, Illinois and LJMIX shares trade on the NASDAQ under the ticker symbol "LJMIX."

5. Defendants made false and/or misleading statements and/or failed to disclose that: (i) LJMIX was not focused on capital preservation and left investors exposed to an unacceptably high risk of catastrophic losses; (ii) LJMIX had not taken appropriate steps to preserve capital in down markets and left investors exposed to an unacceptably high risk of catastrophic losses; and (iii) as a result of the foregoing, LJMIX shares traded at artificially inflated prices, and class members suffered significant losses and damages.

6. Defendants (defined below) represented in LJMIX's Registration Statements and Prospectuses (defined below) that "[t]he Fund aims to preserve capital, particularly in down

markets (including major market drawdowns), through using put option spreads as a form of mitigation risk." In truth, however, LJMIX was not focused on capital preservation and left investors exposed to an unacceptably high risk of catastrophic losses.

7. The truth began to emerge on February 5, 2018, when the S&P fell approximately 4.6%. In the wake of this drop, LJMIX plunged from $9.82 on February 2, to $1.94 on February 7, 2018, a loss of approximately 80%.

8. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

9. The claims asserted herein arise under and pursuant to Sections 11, 12 and 15 of the Securities Act (15 U.S.C. §§ 77k, 77l and 77o).

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, and Section 22 of the Securities Act (15 U.S.C. § 77v).

11. Venue is proper in this Judicial District pursuant to §22 of the Securities Act, as substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. In addition, LJM Partners' principal executive offices are located within this District. Each of the other Defendants also have sufficient contacts within this District, or otherwise purposefully availed themselves of benefits of this District, so as to render the exercise of jurisdiction over each by this District consistent with traditional notions of fair play and substantial justice.

12. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

13. Plaintiff, as set forth in the attached Certification, acquired LJMIX shares at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

14. Defendant LJM Partners is headquartered in Illinois, with principal executive offices located at One Financial Place, 440 S. LaSalle Street, Suite 2301, Chicago, Illinois 60605. LJMIX shares trade on the NASDAQ under the ticker symbol "LJMIX."

15. Defendant Two Roads Shared Trust, a Delaware statutory trust organized on June 8, 2012 ("Two Roads"), is the registrant. Two Roads is registered as an open-end management investment company currently consisting of 13 separate portfolios.

16. Defendant Northern Lights Distributors, LLC ("Northern Lights") serves as the principal underwriter and national distributor for the shares of Two Road pursuant to an Underwriting Agreement with Two Roads.

17. Defendant Mark Gertsen ("Gertsen") is the Chairman of Two Roads and a trustee. He signed the 2015, 2016, and 2017 Registration Statements.

18. Defendant Mark Garbin ("Garbin") is a trustee of Two Roads. He signed the 2015, 2016, and 2017 Registration Statements.

19. Defendant Neil Kaufman ("Kaufman") is a trustee of Two Roads. He signed the 2015, 2016, and 2017 Registration Statements.

20. Defendant Anita Krug ("Krug") is a trustee of Two Roads. She signed the 2015, 2016, and 2017 Registration Statements.

4

21. Defendant Andrew Rogers ("Rogers") is the President and Principal Executive Officer of Two Roads. He signed the 2015, 2016, and 2017 Registration Statements.

22. Defendant James Colatino ("Colatino") is the Treasurer and Principal Executive Officer of Two Roads. He signed the 2015, 2016, and 2017 Registration Statements.

23. Defendant Anthony Caine ("Caine") is the founder and Chairman of Defendant LJM Partners.

24. Defendant Anish Parvataneni ("Parvataneni") is the Chief Portfolio Manager of Defendant LJM Partners.

25. The Defendants described *supra* at ¶¶ 17-24 are sometimes referred to herein collectively as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

26. LJM Funds Management, Ltd. operates as an investment management firm. The Company specializes in volatility strategies aims to deliver low correlation to equity markets. LJM Funds Management conducts its business in the United States.

27. LJM Preservation & Growth Fund is an open-end fund incorporated in the USA. The Fund's objective is capital appreciation. The Fund invests primarily in long and short call and put options on Standard & Poor's 500 Index futures contracts and cash and cash equivalents, including high-quality short-term debt securities such as U.S. Treasury securities.

28. The Fund seeks to achieve its investment objectives by capturing gains on options sold on S&P futures contracts that can be purchased (or "closed") at a later date for a lower price than the price realized when originally sold. Excess cash is normally invested in a money market fund.

29. Pursuant to the Securities Act, Defendants periodically filed Registration Statements and Prospectuses in connection with the sale of LJMIX.

## False and Misleading Statements

30. On February 28, 2015, Defendants filed a Registration Statement and Prospectus (the "2015 Registration Statement"), which represented that "[t]he LJM Preservation and Growth Fund (the "Fund") seeks capital appreciation and capital preservation with low correlation to the broader U.S. equity market."

31. The 2015 Registration Statement further represented that "[t]he Fund aims to preserve capital, particularly in down markets (including major market drawdowns), through using put option spreads as a form of mitigation risk."

32. On February 29, 2016, Defendants filed a Registration Statement and Prospectus (the "2016 Registration Statement") that contained misstatements similar to those in the 2015 Registration Statement.

33. On February 28, 2017, Defendants filed a Registration Statement and Prospectus (the "2017 Registration Statement") that contained misstatements similar to those in the 2015 Registration Statement.

34. The statements referenced in ¶¶ 31-34 were materially false and misleading because Defendants made false and/or misleading statements and/or failed to disclose that: (i) LJMIX was not focused on capital preservation and left investors exposed to an unacceptably high risk of catastrophic losses; (ii) LJMIX had not taken appropriate steps to preserve capital in down markets and left investors exposed to an unacceptably high risk of catastrophic losses; and (iii) as a result of the foregoing, LJMIX shares traded at artificially inflated prices, and class members suffered significant losses and damages.

**The Truth Begins to Emerge**

35. The truth began to emerge on February 5, 2018, when the S&P fell approximately 4.6%. In the wake of this drop, LJMIX plunged from $9.82 on February 2, to $1.94 on February 7, 2018, a massive loss of approximately 80%.

36. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

37. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired shares of LJMIX pursuant and/or traceable to the misleading Registration Statements and Prospectuses alleged herein (the "Class"). Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

38. The members of the Class are so numerous that joinder of all members is impracticable. LJMIX had hundreds of millions of dollars under management. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by LJM Partners or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

39. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

40. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

41. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period, in connection with the Registration Statements and Prospectuses, misrepresented and/or omitted material facts about LJMIX; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

42. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I

**Violations of Section 11 of The Securities Act**
**Against All Defendants Except Caine and Parvataneni**

43. Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

44. This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all Defendants, excluding Defendants Caine and Parvataneni.

45. The Registration Statements were inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

46. Two Roads is the registrant. The Defendants named herein were responsible for the contents and dissemination of the Registration Statements.

47. As issuer of the shares, Two Roads is strictly liable to Plaintiff and the Class for the misstatements and omissions.

48. In addition, all Defendants, other than Defendants Caine and Parvataneni, are also strictly liable to Plaintiff and the Class for the misstatements and omissions. None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the Defendant that the statements contained in the Registration Statements were true and without omissions of any material facts and were not misleading.

49. By reason of the inaccuracies and omissions contained in the Registration Statements, and Defendants' role in their preparation, dissemination, and/or signing, and/or the other misconduct alleged herein, each Defendant violated and/or controlled a person who violated §11 of the Securities Act.

50. Plaintiff acquired LJMIX pursuant and/or traceable to the Registration Statements.

51. Plaintiff and the Class have sustained damages. The value of LJMIX has declined substantially subsequent to and due to Defendants' violations.

## COUNT II

### Violation of §12 of the Securities Act
### Against Defendants Caine, Parvataneni, Two Roads, and Northern Lights

52. Plaintiff repeats and realleges each and every allegation previously stated herein.

53. This claim is brought pursuant to §12 of the Securities Act, 15 U.S.C. §77l, on behalf of the Class and against Defendants Caine, Parvataneni, Two Roads, and Northern Lights.

54. By means of the defective Prospectuses, Defendants Caine, Parvataneni, Two Roads, and Northern Lights were statutory sellers as a result of their solicitation activity. These Defendants promoted and solicited the sale of LJMIX stock to Plaintiff and other members of the Class. These solicitation activities were conducted out of a motivation to serve their own financial interests, including, inter alia, receipt of millions of dollars from underwriting fees, spreads, and other compensation.

55. The solicitation activities performed by Defendants include, inter alia, signing the Registration Statements and Prospectuses and direct communications with investors.

56. The Prospectuses contained untrue statements of material fact and concealed and failed to disclose material facts, as detailed above. Defendants owed Plaintiff and the other members of the Class, who purchased LJMIX pursuant to the Prospectuses, the duty to make a reasonable and diligent investigation of the statements contained in the Prospectuses to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants, in the exercise of reasonable care, should have known of the misstatements and omissions contained in the Prospectuses, as set forth above.

57. Plaintiff did not know, nor in the exercise of reasonable diligence could have known, of the untruths and omissions contained in the Prospectuses at the time Plaintiff acquired LJMIX.

58. By reason of the conduct alleged herein, Defendants violated §12(a)(2) of the Securities Act. As a direct and proximate result of such violation, Plaintiff and the other members of the Class sustained substantial losses in connection with their purchases of the stock. Accordingly, Plaintiff and the other members of the Class, who hold LJMIX issued pursuant to the Prospectuses, have the right to rescind and recover the consideration paid for their shares and hereby tender their shares to Defendants sued herein. Class members who have sold LJMIX seek damages to the extent permitted by law.

### COUNT III

**Violations of Section 15 of The Securities Act
Against the Individual Defendants**

59. Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

60. This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

61. The Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of LJM Partners within the meaning of Section 15 of the Securities Act. The Individual Defendants had the power and influence and exercised the same to cause Two Roads to engage in the acts described herein.

62. The Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

63. By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs;

D. Awarding rescission or a rescissory measure of damages; and

E. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: February 21, 2018

Respectfully submitted,

_/s/ Louis Ludwig_____
**POMERANTZ LLP**
Louis C. Ludwig
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: lcludwig@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman

          J. Alexander Hood II
          600 Third Avenue, 20th Floor
          New York, New York 10016
          Telephone:  (212) 661-1100
          Facsimile:  (212) 661-8665
          Email:  jalieberman@pomlaw.com
             ahood@pomlaw.com

          **BRONSTEIN, GEWIRTZ**
          **& GROSSMAN, LLC**
          Peretz Bronstein
          60 East 42nd Street, Suite 4600
          New York, NY 10165
          (212) 697-6484
          Email:  peretz@bgandg.com

          ***Attorneys for Plaintiff***